Entered: September 24th, 2024
Signed: September 24th, 2024



NANCY V. ALQUIST
U. S. BANKRUPTCY JUDGE

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Baltimore

| | |
|---|---|
| In re: | |
| KATHERINE E. WYATT-BURROWS, | Case No. 21-16852 (NVA) |
| Debtor. | Chapter 7 |

**MEMORANDUM OPINION IN SUPPORT OF ORDER OVERRULING
OBJECTION TO DEBTOR'S CLAIM OF EXEMPTION [ECF NO. 71]**

On January 24, 2024, the debtor, Katherine E. Wyatt-Burrows, filed a Supplemental

Schedule C, in which she claims an exemption of 75% of $50,000 in alimony owed by her ex-

husband, Raymond Burrows, pursuant to § 11-504 of the Maryland Code, Courts and Judicial

Proceedings Article (the "Alimony Exemption").[1]  [ECF No. 68].  Pending before the Court are

the *Objection to Debtor's Claim of Exemption Regarding Alimony Due* (the "Objection") filed

by Linkus Investments, LLC ("Linkus"), the *Opposition to Objection of Linkus Investments, LLC*

*to Debtor's Claim of Exemptions Regarding Alimony* (the "Opposition") filed by the debtor,

---

[1] The debtor's claim is based on alimony amounts owed prior to Mr. Burrows's October 3, 2019 bankruptcy filing.
Mr. Burrows filed a chapter 11 case (Case No. 19-23255) which proceeded before Chief Judge David E. Rice of this
Court, and is now closed.

In schedules filed on February 17, 2022, the debtor also claims an exemption of 75% of $45,500 in "alimony held in
escrow subject to court order."  [ECF No. 34].  The debtor filed a Complaint for Declaratory Relief on October 8,
2023 (Adversary No. 23-00245), in which she seeks a determination of whether Linkus has a valid lien against those
funds, which are held in escrow by debtor's counsel.

Linkus's *Reply to Opposition to Objection of Linkus Investments, LLC to Debtor's Claim of Exemptions Regarding Alimony* (the "Reply"), and the debtor's *Surreply to Response of Linkus Investments, LLC with Respect to Debtor's Claim of Exemptions* (the "Surreply").  [ECF Nos. 71, 72, 76, 78].   An evidentiary hearing was held on the Objection, the Opposition, and all related papers on April 9, 2024 (the "Hearing").  [ECF No. 80]; *see also List of Exhibits to be Ordered by Linkus Investments, LLC at the Hearing on its Objection to Debtor's Claim of Exemption Regarding Alimony Due*.  [ECF No. 79].  For the reasons that follow, the Objection is overruled.

### The Garnishment Proceedings

Linkus holds a $1,228,868.09 judgment against the debtor, entered by the Circuit Court for Harford County (the "State Court") on April 11, 2019 (the "Judgment").[2]  *See* Claim 13-1.  Prior to the commencement of the debtor's bankruptcy case, Linkus tried to execute on that Judgment by serving a writ of garnishment on (among others) Mr. Burrows on July 19, 2019.  *See* Objection, Exs. A, B; Opposition at pp. 2–3.  (By its garnishment, Linkus was attempting to attach alimony owed to the debtor by Mr. Burrows.)  Mr. Burrows filed an answer to the writ of garnishment on September 5, 2019, forty-eight days after the writ of attachment was served on him.  *See* Objection, Ex. C; Opposition at p. 3.  The debtor did not file anything in the State Court in response to the writ of garnishment directed to Mr. Burrows.  *See* Objection at p. 2.  No judgment was obtained against Mr. Burrows in the garnishment proceedings, and no money was paid into the State Court registry in connection with the garnishment proceedings. *See* Opposition at p. 3.

---

[2] The debtor and Mr. Burrows personally guaranteed a loan extended by Xenith Bank to business entities jointly owned by the debtor and Mr. Burrows.  The business entities defaulted on their objections under that loan, and on April 11, 2019, a confessed judgment was entered by the Circuit Court for Harford County in favor of Xenith Bank and against the business entities, the debtor, and Mr. Burrows in the amount of $1,228,868.09.

## **Procedural Background**

The crux of Linkus's Objection turns upon the interpretation of Maryland Rules 2-643(d) and 645(i), which are the Maryland Rules governing Release of Property from Levy and Garnishment of Property, respectively.  Linkus objects to the Alimony Exemption on the basis that the debtor did not preserve her right to claim an exemption in this case because she did not assert an exemption in the garnishment proceedings within 30 days of service of the writ of garnishment upon Mr. Burrows.  [ECF No. 71].  In support of this argument, Linkus cites case law clarifying that state procedural laws apply where a state (such as Maryland) has opted out of the federal exemptions provided by the Bankruptcy Code for debtors claiming exemptions in bankruptcy.

In her Opposition, the debtor argues that alimony payments are automatically exempt from execution on a judgment to the same extent that wages are exempt from attachment under § 15-601.1(b) of the Commercial Law Article pursuant to § 11-504(b) of the Maryland Code,[3] and that § 11-504(d) the Maryland Code contains an explicit prohibition against waivers of exemptions.  [ECF No. 72].  The debtor also contends that Mr. Burrows's answer in the garnishment proceedings, which indicated that he was not currently in possession of any property owned by the debtor, relieved her of any responsibility to file a motion asserting her exemption.

---

[3] Section 15-601.1(b) of the Commercial Law Article provides:

> (a) In this section, "disposable wages" means the part of wages that remain after deduction of any amount required to be withheld by law.
> (b) The following are exempt from attachment:
>> (1) The greater of:
>>> (i) 75 percent of the disposable wages due; or
>>> (ii) 30 times the State minimum hourly wage in effect at the time the wages are due, multiplied by the number of weeks during which the wages due were earned; and
>> (2) Any medical insurance payment deducted from an employee's wages by the employer.
> (c) The amount subject to attachment shall be calculated per pay period.

Md. Code Ann., Com. Law § 15-601.1.

Through a Reply, Linkus disputes that Mr. Burrows's answer excused the debtor from the procedural requirements of asserting an exemption or that alimony payments are automatically exempt under the Maryland Code. [ECF No. 76]. Linkus disagrees that a debtor's failure to assert an exemption in garnishment proceedings is the type of waiver prohibited by the Maryland Code.

The debtor's Surreply broadly attacks Linkus's arguments and asserts that procedural rules cannot modify substantive rights. [ECF No. 78]. The debtor claims that Linkus is misapplying the procedural rules in this case and misstating the holding of cases, and maintains that because a judgment was never obtained in the garnishment proceedings in the State Court and no money was paid into the registry, the debtor was under no obligation to either assert an exemption in response to the writ of garnishment or move to release property from levy. *Id.* The debtor concludes by citing the anti-waiver provision contained in § 522 of the Bankruptcy Code as a general "policy against waivers of exemptions" under the Maryland and federal exemptions.

### Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. Under 28 U.S.C. § 157(a) and its Local Rule 402, the United States District Court for the District of Maryland has referred this case to the Court. This matter is a statutorily core proceeding under 28 U.S.C. §§ 157(b)(1) and (b)(2). The Court has constitutional authority to enter final orders in this matter.

### Legal Standards

Exemptions are governed by § 522 of the Bankruptcy Code. Section 522 permits states to "opt out" of the federal exemptions provided under the Bankruptcy Code, and limits citizens

to use of the exemptions available under state law and other federal non-bankruptcy law. Maryland has opted out of the federal exemptions:

> Section 522 … allows a debtor to exempt certain property from property of the bankruptcy estate. 11 U.S.C. § 522(d). Maryland has "opted out" of the alternative federal exemptions contained in 11 U.S.C. § 522(d). MD. CODE ANN., CTS & JUD. PROC. § 11–504(g) (Supp. 1999). An individual debtor in this district is entitled to claim those exemptions available under Maryland law.

*In re Selby*, 254 B.R. 128, 130 (Bankr. D. Md. 2000). Before a debtor can assert an exemption in bankruptcy, the debtor must have a valid state law exemption. *In re Gordon*, 199 B.R. 7, 10 (Bankr. D. Md. 1996); *Zimmerman v. Morgan,* 689 F.2d 471 (4th Cir. 1982). "Maryland exemptions are to be construed liberally to effect the purpose for which they were enacted." *In re Gibson*, 300 B.R. 866, 869 (D. Md. 2003); *see also In re Walker-Lightfoot*, 2024 WL 1316078, at *3 (Bankr. D. Md. Mar. 27, 2024) ("Without proper exemptions, a debtor may not have adequate financial stability after bankruptcy and may experience more, rather than less, financial distress. For those and other reasons, exemptions are generally construed in favor of the debtor . . .").

Under Maryland law, "[m]oney payable or paid in accordance with an agreement or court order for alimony" is exempt from judgment "to the same extent that wages are exempt from attachment under § 15-601.1(b)(1)(i) of the Commercial Law Article." Md. Code Ann., Cts. & Jud. Proc. § 11-504(b)(8).[4] Section 15-601.1(b)(1)(i) states that "75 percent of the disposable wages due" are exempt from attachment. Md. Code Ann., Com. Law § 15-601.1.

Objections to exemptions are governed by Rule 4003 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"). "[A] party in interest may file an objection to the list of

---

[4] Section 11-504 of the Courts and Judicial Proceedings Article of the Maryland Annotated Code has been amended since the debtor filed for bankruptcy. Although the debtor's schedules cite to § 11-504(b)(7), § 11-504(b)(8) is the subsection relevant to agreements and court orders for alimony. Neither party raised this discrepancy in their papers or at the Hearing.

property claimed as exempt within 30 days after the meeting of creditors held under § 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later." Fed. R. Bankr. P. 4003(b)(1). "[T]he objecting party has the burden of proving that the exemptions are not properly claimed." Fed. R. Bankr. P. 4003(c). This Court is following the burden shifting approach described in *In re Walker-Lightfoot*, as set forth below:

> An objecting party must establish in the first instance that the exemption is not properly claimed by making a prima facie case that the objection should be sustained. A showing that the claimed exemption is facially invalid meets this standard. A debtor then may provide additional evidence to support the validity of the claimed exemption, which if done, leaves the ultimate burden of persuasion on the objecting party.

*In re Walker-Lightfoot*, 2024 WL 1316078, at *5.

### Analysis and Discussion

The debtor's Alimony Exemption is a facially valid exemption under § 11-504(b). As the objecting party, Linkus bears the burden of proof and must show that the debtor's claim of exemption is improper. Linkus objects that the debtor cannot claim the Alimony Exemption in her bankruptcy case because she did not assert this exemption within 30 days of service of the writ of garnishment upon Mr. Burrows in connection with the garnishment proceedings, as Linkus asserts she was required to do under Maryland Rules 2-645(i) and 2-643(d).

Maryland Rule 2-645 provides:

> **(i) Release of Property; Claim by Third Person.** Before entry of judgment, the judgment debtor may seek release of the garnished property in accordance with Rule 2-643, except that a motion under Rule 2-643(d) shall be filed within 30 days after service of the writ of garnishment on the garnishee. Before entry of judgment, a third person claimant of the garnished property may proceed in accordance with Rule 2-643(e).

Md. Rule 2-645(i). This rule incorporates the procedures set forth in Maryland Rule 2-643 for judgment debtors seeking the release of garnished property. Maryland Rule 2-643 contains two

6

subsections that address exemptions.  Under Maryland Rule 2-643(c), a debtor may file a motion requesting the release of property as exempt *at any time before entry of judgment*.  Md. Rule 2-643(c);[5] *Bartch v. Barch*, 2024 WL 1096638, at *2 (D. Md. Mar. 13, 2024) ("Under Maryland Rule 2-645(i), a debtor may move to release garnished property at any point before judgment is entered.  The Court will grant such a motion under specific circumstances, including where 'the property is exempt from levy.'"); *accord R.K. Grounds Care v. Wilson*, 235 Md. App. 20, 30 (2017) ("Within 30 days after service on the garnishee, and before entry of any judgment, the judgment debtor may seek release of the garnished property in accordance with Rule 2–643. One of the grounds for a motion to release property under Rule 2–643 is the property is exempt from levy.") (cleaned up).  Under Maryland Rule 2-643(d), a debtor must file a motion electing to exempt property or cash in value up to $6,000 not exceeding in amount the cumulative value permitted by law *within 30 days after a levy*.  Md. Rule 2-643(d).[6]  The 30-day restriction

---

[5] Maryland Rule 2-643(c) provides:

> (c) Upon Motion of Judgment Debtor. Upon motion of the judgment debtor, the court may release some or all of the property from a levy if it finds that (1) the judgment has been vacated, has expired, or has been satisfied, (2) the property is exempt from levy, (3) the judgment creditor has failed to comply with these rules or an order of court regarding the enforcement proceedings, (4) property sufficient in value to satisfy the judgment and enforcement costs will remain under the levy after the release, (5) the levy upon the specific property will cause undue hardship to the judgment debtor and the judgment debtor has delivered to the sheriff or made available for levy alternative property sufficient in value to satisfy the judgment and enforcement costs, or (6) the levy has existed for 120 days without sale of the property, unless the court for good cause extends the time.

> The motion and any response to the motion may be accompanied by a request for court review of the sheriff's appraisal made at the time of the levy.

Md. Rule 2-643.

[6] Maryland Rule 2-643(d) provides:

> (d) Upon Election of Exemption by Judgment Debtor. By motion filed within 30 days after a levy, the judgment debtor may elect to exempt from execution of the judgment selected items of property or cash not exceeding in amount the cumulative value permitted by law. The motion and any response to the motion may be accompanied by a request for court review of the sheriff's appraisal made at the time of the levy. The court

contained within Maryland Rule 2-643(d) (which Linkus relies upon in its Objection) correlates with the exemption provided by § 11-504(b)(6) of the Maryland Code, Courts and Judicial Proceedings Article, which exempts from execution on judgment cash or property of any kind equivalent in value to $6,000.[7]  *Id.*; *see generally* 1 Maryland Rules Commentary 2-643.04 (2023).[8]  Linkus argues that *all* motions asserting an exemption in property must be filed within 30 days in garnishment proceedings.  Linkus's argument contravenes the text of the Maryland Rules and related case law, and the Court declines to adopt it.

The circumstances in the present case are decidedly different.  Here, a writ of garnishment was served on Mr. Burrows in July 2019.  The claim of exemption asserted by the debtor in this case is asserted under § 11-504(b)(8), which does not contain a 30-day time

---

> shall release from the levy items of cash or property selected by the debtor to the extent required by law.

Md. Rule 2-643(d).

[7] Section 11-504(b)(6) provides:

> Cash or property of any kind equivalent in value to $6,000 is exempt, if within 30 days from the date of the attachment or the levy by the sheriff, the debtor elects to exempt cash or selected items of property in an amount not to exceed a cumulative value of $6,000, except that the cumulative value of cash and property exempted under this item and item (5) of this subsection may not exceed $6,000.

Md. Code Ann., Cts. & Jud. Proc. § 11-504(b)(6).

[8] The Maryland Rules Commentary addresses this specific application of Maryland Rule 2-643 to motions for release of property and states:

> A motion under section (c) and a motion under section (d) of this rule address exemptions. A motion under section (c), however, requests a release of property that is exempt from levy as a matter of law. See Code, Courts Article, § 11-504, which sets forth exemptions from execution. Section (d), on the other hand, is a motion to elect to exempt property or cash not exceeding the value permitted by law. See Code, Courts Article, § 11-504, which permits an exemption for cash or property equivalent in value to $6,000 if the debtor makes an election within 30 days. While the motion under section (c) may be filed at any time before sale, the motion under section (d) must be filed within 30 days after the levy.

1 Maryland Rules Commentary 2-643.04 (2023).

restriction for filing for release of property from levy, unlike the exemption set forth in § 11-504(b)(6).  The debtor was therefore not required to file a motion under Maryland Rule 2-643(d) within 30 days after service of the writ of garnishment on Mr. Burrows.  Because no judgment has been entered in the garnishment proceedings, the debtor's right to file a motion under Maryland Rule 2-643(c) has not expired, and the debtor has therefore not waived her right to claim such an exemption under the Maryland Rules.  The approach accepted here is consistent with the language of the Maryland Rules, the Maryland Code, the Bankruptcy Rules, and Fourth Circuit precedent.  *See In re Gordon*, 199 B.R. 7; *Zimmerman v. Morgan*, 689 F.2d 471; *Johns Hopkins Hosp. v. Post*, 321 F. App'x 259, 260 (4th Cir. 2009).

## <u>Conclusion</u>

Based on the record before the Court, Linkus has not met its burden of proof in showing that the debtor is not entitled to claim the exemption.  Therefore, the Objection will be overruled.

A separate order will be entered.

cc:   All Parties
      All Counsel

### END OF MEMORANDUM OPINION